NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 18 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL ANTHONY TURNER, | No.   15-56844 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-00020-KES |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Karen E. Scott, Magistrate Judge, Presiding

Submitted June 6, 2017[**]
Pasadena, California

Before:  BEA and HURWITZ, Circuit Judges, and MOTZ,[***] District Judge.

Michael Turner appeals the district court's order affirming the

Administrative Law Judge's (ALJ) denial of social security disability benefits.  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable J. Frederick Motz, United States District Judge for the District of Maryland, sitting by designation.

The ALJ's decision not to include an attendance-based limitation in Turner's residual function capacity (RFC) assessment was supported by substantial evidence in the record. The ALJ is responsible for resolving ambiguities in the medical evidence and for translating and incorporating medical opinions into a succinct RFC assessment. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *Rounds v. Comm'r of Soc. Sec.*, 807 F.3d 996, 1006 (9th Cir. 2015). Dr. Abejuela opined that Turner's mental limitations "range from none to mild." Drs. Barrons and Phillips opined that Turner was "not significantly limited" in his ability to "perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances." The ALJ gave "some weight to" the opinions of Drs. Abejuela, Barrons, and Phillips as related to Turner's mental health limitations. The opinions of these physicians did not contradict that of Dr. Kikani because Dr. Kikani did not specify that Turner's difficulties with attendance would lead him to miss a certain number of days of work each month or would otherwise undermine his ability to work. Moreover, Drs. Phillips and Barrons expressly relied on Dr. Kikani's opinion in reaching their own conclusions.[1]

---

[1] Other record evidence also supports the ALJ's conclusion as Turner admitted to conducting a wide range of activities, such as child care, personal care, household chores, and regularly attending church. He also attended two ALJ hearings and "came on time for his appointment" with Dr. Abejuela. These activities suggest that Turner is capable of regularly attending to necessary matters, such that any impairment he has with respect to attendance would not limit his ability to work and, therefore, need not be included in the RFC assessment.

None of the legal authorities presented by Turner compels a different conclusion. Although 20 C.F.R. § 404.1520a discusses a rating scale to be used by the Social Security Administration (SSA) in evaluating mental work limitations, this regulation does not provide definitions to be used by an ALJ in interpreting the language of a medical opinion presented as part of a disability claim. *See* 20 C.F.R. §§ 404.1520a(c), (d). Similarly, the Social Security Program Operations Manual System (POMS) sections that Turner cites merely discuss the term "moderately limited" in the context of a standardized check-box form (SSA-4734-F4-SUP) for evaluating physicians. *See* POMS DI 24510.060(B)(2)(c) (listing, but not defining, the term "moderately limited"); POMS DI 24510.063(B)(2) (defining the term "moderately limited" as an impaired "capacity to perform the activity"). Dr. Kikani did not fill out form SSA-4734-F4-SUP, but rather wrote out her opinion on her office letterhead. There is no indication that Dr. Kikani relied on form SSA-4734-F4-SUP in conducting her evaluation. Even if Dr. Kikani had relied on this form, that Turner had an impaired "capacity to perform the activity" (of attendance) does not answer the ultimate question of whether this impairment undermined his ability to work for purposes of a RFC assessment.

**AFFIRMED.**